James Y. Wu (SBN 213090)
**QUARLES & BRADY LLP**
2872 Ygnacio Valley Road, #436
Walnut Creek, CA 94598
Telephone: 925.658.0300
Facsimile: 602.417.2932
Email: James.Wu@quarles.com

Attorneys for Defendant
Molson Coors Beverage Company USA LLC
fka MillerCoors LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY COPFER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MOLSON COORS BEVERAGE COMPANY aka MILLERCOORS LLC; and DOES 1 to 10,<br><br>Defendants. | CASE NO. _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28. U.S.C. § 1441(b) (Diversity)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. § 1332, 1441(b), 1446, Defendant MOLSON COORS BEVERAGE COMPANY USA LLC fka MILLERCOORS LLC ("Defendant" or "Molson Coors USA") hereby removes to this Court the state court action described below.

**I.    INTRODUCTION**

1. This case is hereby removed from state court to federal court because at the time the Complaint was filed and at this time, complete diversity of citizenship exists between the parties to this action and the alleged amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a).

2. On December 16, 2021, Plaintiff Nancy Copfer ("Plaintiff") filed a Complaint for damages against Defendant, entitled Nancy COPFER, an individual, v. MOLSON COORS

BEVERAGE COMPANY aka MILLERCOORS LLC [1] and DOES 1 to 10, Case No. 21STCV46244, in the Superior Court of California, County of Los Angeles. The Complaint alleges ten causes of action against Defendant, Plaintiff's former employer. These include: (1) Wrongful Termination in Violation of Public Policy; (2) Medical Leave Retaliation; (3) Medical Leave Discrimination; (4) Retaliation for Requesting and Using Accommodations for Disabilities; (5) Failure to Engage in a Timely, Good Faith, Interactive Process to Determine Reasonable Accommodation for Disability; (6) Failure to Reasonable Accommodate Disabilities; (7) Disability Discrimination; (8) Retaliation for Opposing Violations of FEHA; (9) Failure to Prevent and Stop Discrimination and Retaliation; and (10) Whistleblower Retaliation ("Complaint"). A true and correct copy of the Complaint is attached as **Exhibit A.**

3. The first date upon which Defendant received a copy of the Complaint was on December 27, 2021 when Plaintiff served Defendant with a copy of the Summons and Complaint, First Amended General Order, Civil Case Cover Sheet, the State Court's Early Organizational Meeting Stipulation, Discovery Resolution Stipulation and Motions in Limine Stipulations, Order Pursuant to CCP 1054(a) Extending Time to Respond By 30 Days When Parties Agree to Early Organizational Meeting Stipulation, the Superior Court's Alternative Dispute Resolution Packet, and the Superior Court's Notice of Assignment for Judge for all Purposes. True and correct copies of these documents served upon Defendant as well as copies of all other documents maintained on the state court's docket (with the exception of the Complaint which is already attached as Exhibit A) are collectively attached as **Exhibit B**.

4. On January 21, 2022, Defendant filed and served its Answer and Affirmative Defenses to Plaintiff's Complaint for Damages in State Court. A true and correct copy of Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint for Damages is attached as **Exhibit C**.[2]

5. Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiff, through her attorney

---

[1] The proper name of Defendant Molson Coors Beverage Company is Molson Coors Beverage Company USA LLC, formerly known as MillerCoors LLC.
[2] In accordance with 28 U.S.C. § 1446(a), Exhibits A, B and C comprise all papers originally served on Defendant as well as copies of all other documents maintained on the state court's docket.

of record, written notice of the filing of this Notice of Removal and shall file written notice of the filing of this Notice of Removal with the Clerk of the Superior Court of the County of Los Angeles, attaching thereto a copy of this Notice of Removal. A true and correct copy of the Notice of Removal of Action to be filed with the State Court is attached as **Exhibit D**.

6. No further proceedings have been had and fewer than thirty (30) days have elapsed since this action became removeable to this Court. 28 U.S.C. § 1446(b). In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court.

7. If any question arises as to the appropriateness of the removal of this action, Defendant requests the opportunity to brief any disputed issues, and to present oral argument in support of its position that this case is properly removeable.

8. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter including, without limitation, the defense of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; or (6) any other procedural or substantive defense available under state or federal law.

**II.     JOINDER**

9. Defendant is not aware of any other defendant to the Complaint having been served with a copy of the Complaint.

**III.    DIVERSITY JURISDICTION**

10. The state court action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity jurisdiction. The state court action is properly removeable to this Court in that it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained below.

    **A.     The Parties' Citizenship**

11. There is a complete diversity of citizenship because the operative parties, Plaintiff and Defendant, are citizens of different states.

12. As of December 16, 2021, when the Complaint was filed, and presently, Plaintiff

was and is a citizen and resident of the State of California. *See* Complaint, ¶ 4 (**Exhibit A**).

13. As of December 16, 2021, when the Complaint was filed, and presently, Molson Coors USA was and is a limited liability company organized under the laws of Delaware with its principal place of business in Wisconsin. *See* Declaration of Gregory Tierney in Support of Defendant's Notice of Removal ("Tierney Decl.") ¶ 4. A true and correct copy of the Tierney Declaration is attached hereto as **Exhibit E**. Therefore, Defendant is a citizen of Delaware and Wisconsin.

14. For diversity purposes, Defendant also takes on the citizenship of its member(s). *See Johnson v. Columbia Properties Anchorage, LP*, 427 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

15. The sole member of Molson Coors USA is Molson Coors Beverage Company. Tierney Decl. ¶ 5. Molson Coors Beverage Company is a company organized under the laws of Delaware with its principal place of business in Colorado. Id. ¶ 5. Thus, for diversity purposes, Molson Coors Beverage Company is a citizen of Delaware and Colorado. *See* 28 U.S.C. § 1332(c)(1).

16. Because Molson Coors USA's sole member is a citizen of Delaware and Colorado, Molson Coors USA is also a citizen of Delaware and Colorado. *See Johnson*, 437 F.3d at 899.

17. The other defendants identified in Plaintiff's Complaint are fictitious parties identified as "DOES 1 to10," (**Exhibit A**). The citizenship of these defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b) ("In determining whether a civil action is removeable on the basis of jurisdiction under Section 1332(a) of this title, the citizenship of defendants sued under fictitious names *shall be disregarded*) (emphasis added); *see also Kruso v. Int'l Telephone & Telegraph Corp.*, 872 F.2d. 1416, 1425 (9th Cir. 1989) ("[T]he presence of Doe defendants in plaintiffs' complaint neither defeated diversity jurisdiction nor required that the case be remanded to state court.").

18. Because Plaintiff is a citizen of California, and the only named Defendant is a citizen of Delaware, Colorado and Wisconsin, there is complete diversity among the parties.

**B.     The Amount in Controversy**

19.     The amount in controversy also exceeds the minimum sum or value of $75,000.00 set forth in 28 U.S.C. § 1332(a), exclusive of interest and cost.

20.     In the Complaint, Plaintiff seeks economic damages of no less than $300,000.00 and non-economic damages of no less than $300,000.00. In addition, Plaintiff also seeks punitive and exemplary damages, statutory damages and penalties, costs of suit, reasonable attorney's fees, and any other relief the court deems just and proper. *See* Complaint, Prayer For Relief, ¶¶ 1-4; 7-9.

21.     Accordingly, the amount in controversy well exceeds the minimum sum of $75,000.00 set forth in 28 U.S.C. § 1332(a), exclusive of interest and costs.

**IV.    VENUE**

22.     The Central District of the Superior Court of the State of California for the County of Los Angeles is located within the Central District of California. Accordingly, this action is properly removed to this Court. 28 U.S.C. § 84(c)(2).

Accordingly, Defendant respectfully requests that this Notice of Removal be filed, the State Court Action be removed to, and proceed hereinafter, in this Court and that no further proceedings in this matter take place in the Superior Court of the State of California for the County of Los Angeles.

Dated:  January 24, 2022                             QUARLES & BRADY LLP

                                                     By:   */s/ James Y. Wu*
                                                           James Y. Wu

                                                     *Attorneys for Defendant Molson Coors Beverage Company USA LLC fka MillerCoors LLC*

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of Arizona, over the age of eighteen years, and not a party to the within action. My business address is Renaissance One, Two North Central Avenue, Phoenix, AZ 85004-2391. On January 24, 2022, I caused to be served the following document(s):

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) (DIVERSITY)**

On the party stated below by the following means of service:

☐ By First-Class Mail I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice correspondence is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Phoenix, Arizona in the ordinary course of business. The envelope described above was sealed and placed for collection on the date indicated above following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in this affidavit.

☒ By One Legal I caused a true and correct copy of the above-entitled document(s) to be served electronically through One Legal to all parties appearing on the One Legal electronic service list for the above-entitled case, if available.

☐ By Personal Service I caused each such envelope to be given to a courier messenger with instructions to deliver each such envelope to the office of the below-referenced attorneys of record.

☐ By Overnight Courier I caused each such envelope to be placed in a sealed package designated by Federal Express and depositing same in an overnight express receptacle maintained by Federal Express, Phoenix, Arizona, with delivery fees provided for, with instructions to be hand delivered to the office of the addressee on the next business day.

☐ By Facsimile Fax Number (see below)

☒ Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the person at the electronic service address listed as follows:

Geoffrey C. Lyon
Lyon Law PC
3605 Long Beach Blvd., Suite 311
Long Beach, California 90807

glyon@lyonlawyer.com

Attorney for Plaintiff

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct and that this declaration was executed on January 24, 2022.

*/s/ Dawn McCombs*
Declarant