# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2021 05:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV46244

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Stephanie Bowick

GEOFFREY C. LYON (SBN 132747)
*glyon@lyonlawyer.com*
**LYON LAW PC**
3605 Long Beach Blvd. Suite 311
Long Beach, CA 90807
Tel: (562) 426-2112 ; Fax: (888) 239-2462

Attorney for Plaintiff,
NANCY COPFER

### LOS ANGELES COUNTY SUPERIOR COURT

### CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE

| | |
|---|---|
| NANCY COPFER,<br><br>               Plaintiff,<br><br>vs.<br><br>MOLSON COORS BEVERAGE COMPANY aka MILLER COORS LLC.; and DOES 1 to 10,<br><br>           Defendants. | Case No. 21STCV46244<br><br>**COMPLAINT FOR DAMAGES FOR DISABILITY DISCRIMINATION, WRONGFUL TERMINATION AND RELATED CLAIMS**<br><br>Unlimited Jurisdiction<br>Jury Trial Demanded<br><br>Judge: To be assigned<br>Dept: To be assigned<br><br>Complaint Filed: December 16, 2021<br>Trial Date: None Set |

COMES NOW Plaintiff NANCY COPFER ("Plaintiff") and for Plaintiff's causes of action against Defendant MOLSON COORS BEVERAGE COMPANY aka MILLER COORS LLC ("Employer"), and DOES 1-10 (collectively, "Defendants,"), allege as follows:

## I.

## SUBJECT MATTER JURISDICTION

1.    This action is brought pursuant to California Govt. Code sections § 12940; § 12945.2; Labor Code § 1102.5; California tort law and Civ. Code § 3294.

2.    Plaintiff has timely exhausted Plaintiff's administrative remedies with respect to the named defendant(s).  True and correct copies of Plaintiff's administrative complaint to, and Right-To-Sue Notice from, the California Department of Fair Employment and Housing ("DFEH") is attached hereto as Exhibit 1 and incorporated herein.

3.    This Court has subject matter jurisdiction over the causes of action alleged in this complaint.

## II.

## PERSONAL JURISDICTION AND VENUE

4.    At all relevant times, Plaintiff NANCY COPFER was an individual residing in the County of Los Angeles, State of California.

5.    At all relevant times, Defendant Employer MOLSON COORS BEVERAGE COMPANY aka MILLER COORS LLC, is and was a corporation organized under the laws of the State of Colorado authorized to do and doing business in the County of Los Angeles, State of California.

6.    The violations of law described in this complaint have been committed within the County of Los Angeles, State of California.

7.    Pursuant to section 393 of the California Code of Civil Procedure, the County of Los Angeles is a proper and legal venue for this case.

8.    The true names and capacities of the Defendants named herein as DOES 1 to 10, inclusive, whether individual, proprietorship, partnership, corporate, associate, alter ego, or otherwise, are unknown to Plaintiff who therefore sues such Defendants by fictitious names pursuant to California Code of Civil Procedure Section 474.  Plaintiff will amend this complaint to show such true names and capacities when they have been determined.

9.    The wrongful conduct of Employer set forth in the General Allegations and various Causes of Action proximately caused Plaintiff to suffer damages, injuries, loss and/or harm,

1   including but not limited to physical, mental and emotional injuries and distress, pain and suffering,

2   lost wages and benefits and health care expenses, and other general, special and statutory damages

3   in amounts to be proven.

### III.

### GENERAL ALLEGATIONS

4

5   10.   Plaintiff NANCY COPFER ("Plaintiff") was employed by Defendant MOLSON

6   COORS BEVERAGE COMPANY aka MILLER COORS LLC ("Employer") from approximately

7   September 9, 1987 through Plaintiff's termination on or about January 10, 2019. Plaintiff worked at

8   Employer's location at 15801 West First Street, Irwindale, California, 91706. Plaintiff's job title

9   was "Bottler." Plaintiff worked under supervisor Efren Reynoso ("Supr. Reynoso"), supervisor

10  Marty Tessalena ("Supr. Tessalena"), supervisor Jane Doe ("Supr. Doe"), HR Business Partner

11  Emily Tokeshi-Torres ("HR Tokeshi-Torres"), Shop Steward Dave Gonzalez ("Stwd. Gonzalez"),

12  and Shop Steward Tony Marquez ("Stwd. Marquez"). At all relevant times, Plaintiff performed

13  Plaintiff's duties competently and satisfactorily, and Employer's stated reasons for termination of

14  Plaintiff's employment were pretexts for unlawful discrimination and retaliation.

15  11.   During the period of Plaintiff's employment with Employer, Plaintiff had, and/or

16  was perceived by Employer as having and/or likely to have disabilities in the future.  These

17  disabilities included but are not limited to bipolar disorder.  Plaintiff's disabilities did and/or were

18  regarded by Employer as limiting Plaintiff's major life activities, including ability to work.

19  Plaintiff's disabilities required reasonable accommodations, including but not limited to periodic

20  time off work for medical treatment and recuperation from flare ups of symptoms and workplace

21  accommodations. Employer failed and refused to provide reasonable accommodations for Plaintiff's

22  disabilities.  Plaintiff also took medications for Plaintiff's disabilities and related conditions.  On

23  information and belief, such medications and their side effects were, or were perceived by

24  Employer to be, actually or potentially disabling. Plaintiff's disabilities did and/or were regarded by

25  Employer as interfering with and limiting Plaintiff's major life activities, including ability to work.

26  12.   At all relevant times Plaintiff was qualified for Plaintiff's job position with

27  Employer, and could perform all essential functions of Plaintiff's job, and of reasonably available

28  alternative positions of Employer, either with or without reasonable accommodations, without

unreasonably endangering Plaintiff's or anyone else's health or safety.

13.   In or about 1987, Plaintiff was diagnosed with bipolar disorder.

14.   In or about July 2017 through December 2018, Plaintiff reported to supervisors,

including Supr. Reynoso, and/or refused to participate in, Employer's violation of laws and regulations prohibiting discrimination, and retaliation, including Cal. Govt. Code 12940, 12945, 12945.2; Cal. Const. Art. I, Section 8; Cal. Lab. Code including 512, and workplace safety laws including Cal-OSHA. Employer retaliated against Plaintiff's whistleblower activities including by terminating Plaintiff.

15.     In or about September 2017, Plaintiff's uncle passed away. The two were very close, and his passing caused an excess amount of emotional stress for Plaintiff. On or about October 24, 2017, Plaintiff began to cry while driving the forklift at work as a result of this. Later that day, Plaintiff asked a coworker Dave Miranda if he could help her with loading pallets slip-sheets and frames into a truck. Mr. Miranda denied this. Supr. Reynoso arrived soon after and asked if Plaintiff needed to go to the nurse. Plaintiff replied that she did not, and Supr. Reynoso left. About an hour later, Supr. Reynoso returned and told Plaintiff to leave the forklift and only clean for the rest of the day.

16.     On or about October 25, 2017, Plaintiff arrived at work and cleaned as directed by Supr. Reynoso. After the morning team meeting, Supr. Reynoso asked Plaintiff to go to HR. Plaintiff asked Supr. Reynoso had she done anything wrong, and Supr. Reynoso replied with only "I just want you to visit HR." There, HR, possibly Tokeshi-Torres told Plaintiff that she needed to go home, schedule an appointment with her psychiatrist and turn in medical certification from her psychiatrist. HR Tokeshi-Torres handed Plaintiff a letter requesting a fit for duty mental evaluation. Until said evaluation was completed and Plaintiff was cleared for work, Plaintiff was to remain home on workman's compensation. HR Tokeshi-Torres walked Plaintiff out of the facility. Plaintiff visited her psychiatrist that same day who suggested that Plaintiff get a physical before clearing her for work. Plaintiff then learned appointments with her physical doctor were more than a month out. Plaintiff told HR Tokeshi-Torres, who informed Plaintiff HR will set up an appointment with the Employer's psychiatrist.

17.     On or about November 15, 2017, Plaintiff visited the Employer's psychiatrist. The psychiatrist instructed Plaintiff to take a self-evaluation. From these results, the psychiatrist decided if Plaintiff was fit to return to work. Plaintiff requested the results, but this request was denied. Employer's psychiatrist explained that only Plaintiff's managers and supervisors could view the results, and that Employer would contact her based on the psychiatrist's recommendations.

18.     After November 15, 2017, Plaintiff met with her physical doctor for her physical check-up. Plaintiff's physical doctor cleared her to return to work. Plaintiff notified HR Tokeshi-

Torres. HR Tokeshi-Torres asked Plaintiff to turn in the medical certification from your psychiatrist and physical doctor clearing Plaintiff to return to work after Employer contacts her.

19.     On or about December 14, 2017, Plaintiff met with HR Tokeshi-Torres, Supr. Reynoso, and Shop Steward Tony Marquez. All four signed a contract stipulating that Plaintiff follow the psychiatrist's recommended modifications: to allow Plaintiff to recompose herself when she felt emotional, monthly check-ins with the Employer's nurse, and restricted overtime. Plaintiff felt this final requirement was limiting, as she relied on overtime to pay for medications. Plaintiff was told that she could not modify these accommodations. Plaintiff's overtime was limited going forward, and she missed several overtime opportunities. The contract warned her that should she display emotional outbursts such as crying or mood swings again, Plaintiff will be terminated. Before entering the room, Stwd. Marquez told Plaintiff that she should not cry while reading the document, or else she would be fired. Plaintiff gave the medical certification to her supervisors, as directed by HR Tokeshi-Torres. All four agreed that Plaintiff would return to work on the following Monday, December 18, 2017.

20.     Following her return to work on or around December 18, 2017, Plaintiff began taking photographs of the unsafe working conditions in the plant. These numerous photos included safety hazards such as broken pallets, missing and incorrectly stacked slip sheets, and battery acid covering the floors and machines used to load pallets, and the broken door leading to and ceiling above the women's locker room. Plaintiff showed these pictures to Supr. Reynoso as further verification for the safety concerns that she had been writing and sending to him. Even with these photographs, Supr. Reynoso did not address most of these concerns.

21.     On or about January 10, 2018, co-worker Lillian LNU asked Plaintiff to get her a glue tote. She retrieved the item and gave it to Lillian LNU, who then told Plaintiff it was a bad tote and unusable. Following protocol, Plaintiff went to put the tote in the warehouse's shop with a hold tag on it so it could be fixed. As she went to return it, Supr. Reynoso stopped Plaintiff and asked what she was doing. When Plaintiff informed Supr. Reynoso, he accused her of lying and starting something with Lillian LNU. Plaintiff told Supr. Reynoso she was following the protocol he taught her to do, and that Lillian LNU was the one who asked her to do this in the first place. Supr. Reynoso ignored this.

22.     In or about February of 2018, Plaintiff asked Supr. Reynoso about her yearly hearing check-up. Every year, workers in the plant were supposed to have their hearing checked by ENTs that visited the facility. This was due to the risk posed by working with such loud, heavy machinery

for long periods of the day. Plaintiff had not been called in for her yearly check-up, even after all her immediate co-workers had been. Supr. Reynoso said he would make sure Plaintiff got her check-up soon. Plaintiff was never called in for this check-up.

23.     In or about February of 2018, Supr. Reynoso asked Plaintiff to take pictures of the trash receptacles in the facility to determine how much excess trash was being thrown away. Supr. Reynoso had received complaints they were throwing away too much. Supr. Reynoso wanted to lessen the amount of waste from the facility. When Plaintiff took a picture of an overflowing trash receptacle, a female co-worker yelled at Plaintiff. The female co-worker said she would report Plaintiff to HR for this, but Plaintiff replied that she was acting at the direction of Supr. Reynoso. Plaintiff replied if she was taken to HR, they would lose access to the company-issued cell phones Plaintiff was using to take photographs with. The female co-worker dropped the issue after this.

24.     On or about February 14, 2018 at around 8:15 p.m., Plaintiff received a call from Stwd. Gonzalez to come in at 9:30 to work on materials in the facility. Plaintiff said she would be there. At around 9:30 p.m., Stwd. Gonzalez called again and told Plaintiff she would work in the warehouse instead. Plaintiff asked why it had changed. Stwd. Gonzalez yelled at her for asking. Plaintiff became so upset she was unable to work and had to call off work, consistent with her doctor recommended accommodations.

25.     On or about February 20, 2018, Supr. Reynoso closed the plant for the night. Supr. Reynoso did not fulfill his responsibility of making sure items had been placed in their proper locations the night before. As a result, Plaintiff lost an hour of work the following day as she had to fix this issue. Plaintiff talked about this with co-worker Cindy Patton, who said Supr. Reynoso had done the same thing a few weeks earlier, and she had to clean it up then. Cindy Patton told Plaintiff she would report this to HR. No investigation or corrective action was taken.

26.     On or about February 26, 2018, Plaintiff asked a co-worker to take down a box that was too high up for the forklift to reach, and could therefore hit pipes and pose a safety hazard. On the following day, an unknown Shop Steward approached Plaintiff and informed her he had received three complaints that Plaintiff asked for help moving this box. Plaintiff explained that it posed a safety hazard.

27.     On or about March 9, 2018, Plaintiff spoke with co-worker Lisa LNU about how Supr. Reynoso had not addressed her safety concern regarding the broken ceiling in the women's showers and the broken lock on the door. Lisa LNU went to HR to report that nothing had been done. At around 4:30 p.m. that day, Supr. Reynoso approached Plaintiff and asked why she had not

told him about the missing ceiling. Plaintiff replied that she had filed a safety concern with him the previous July. Supr. Reynoso asked why Plaintiff had not talked to him about it since. Plaintiff replied that she had told Supr. Reynoso about the issue and turned in several work orders. Supr. Reynoso assured her that he would look at all the safety concerns Plaintiff had submitted to him, and Plaintiff replied that there were some she had submitted twice with nothing done. While Supr. Reynoso assured her that he would solve the issue, the ceiling and lock were never fixed.

28.     On or about May 4, 2018, Plaintiff asked Mr. Miranda if he would be able to move an empty truck stationed at Door 112 to Door 113 in the plant. Supr. Reynoso had told Plaintiff not to station trucks at Door 112. On the following day, Stwd. Marquez informed Plaintiff he had received a complaint from Mr. Miranda. Stwd. Marquez told Plaintiff to apologize to Mr. Miranda, as he complained to Stwd. Marquez that the truck was meant to remain at Door 112. While Plaintiff believed this was incorrect, she followed Stwd. Marquz's order. When Plaintiff went to apologize to Mr. Miranda, he began to laugh at her. Plaintiff asked why, and Mr. Miranda only said he no longer wanted to work with her.

29.     On or about May 9, 2018, Plaintiff was cleaning up by the doors leading out of the Cage, when Mr. Miranda came by on his forklift. Mr. Miranda yelled at her to stop cleaning and move out of the way. Although there was room for him to drive around her, Plaintiff complied, and felt intimidated.

30.     On or about July 30, 2018, Plaintiff was approached by Supr. Reynoso while she was driving a forklift carrying double the typical load of materials. Supr. Reynoso said he received complaints that Plaintiff was violating safety protocols by doing this. Plaintiff informed Supr. Reynoso that the workers of the plant had viewed a video together showcasing the way to safely double load on a forklift and signed a contract stating they had seen it. Supr. Reynoso went to review his files, and returned to inform Plaintiff she was correct.

31.     In or about the end of December 2018, Supr. Reynoso held the usual morning team meeting. While Supr. Reynoso addressed the team, Plaintiff asked him "How can you be my friend when you tried to fire me," and suffered an intense panic attack. A co-worker called for the Shop Steward on duty, Alex LNU, who then walked with Plaintiff to HR. AN ambulance was called for Plaintiff. While waiting in the HR office, Plaintiff asked for a Tylenol, but the unknown HR representative rejected this. Plaintiff was then taken to the emergency room, where she remained for an hour and a half. Plaintiff received medication and was returned to work. At work, the nurse asked if she was alright to drive home. Plaintiff replied yes, and then she was sent home from work.

Plaintiff tried to set up an appointment with her psychiatrist, but he was unavailable for several months. Plaintiff saw another psychiatrist, who recommended that Plaintiff be admitted into a psychiatric ward. Plaintiff was admitted the following day, and remained there until January 2019. Plaintiff was not paid for her time away from work and at the psychiatric ward.

32.     On or about January 9, 2019, Plaintiff was released from the psychiatric ward and returned home. There, she saw that she had several missed calls from HR Tokeshi-Torres. Plaintiff called HR Tokeshi-Torres, who asked for her to join a conference call the following day. On or about January 10, 2019, Plaintiff joined the conference call with HR Tokeshi-Torres, an agent for Employer named Phil Cooper, another unknown member of HR, and an unknown Shop Steward. On the call, HR Tokeshi-Torres informed Plaintiff that her employment was terminated. Plaintiff asked what this meant, and the other member of HR replied that Plaintiff was fired. HR Tokeshi-Torres then said goodbye and terminated the call.

33.     Employer was substantially motivated to and did discriminate and retaliate against Plaintiff, including terminating Plaintiff, based upon Plaintiff's protected classes, and retaliated against Plaintiff's opposition to discrimination and retaliation.

34.     Supervisor Efren Reynoso, supervisor Marty Tessalena, HR Business Partner Emily Tokeshi-Torres, re managing agents of Employer because on information and belief Employer allowed them to exercise largely unfettered discretion to participate in, authorize and ratify, and to determine whether and how to investigate and discipline evidence of, discrimination, retaliation and other legal compliance, including but not limited to labor laws, OSHA and their industry's regulations. Employer allowed them to exercise largely unfettered discretion to determine whether and how to enforce legal requirements. These individuals had the discretion to make highly influential hiring and firing recommendations, and manage, supervise, evaluate and discipline other managers, and enter into binding agreements on behalf of Employer. They participated in, authorized and/or ratified the discriminatory, retaliatory and unlawful adverse employment actions against Plaintiff and others.

35.     As the proximate result of Defendant's wrongful conduct, Plaintiff has and will suffer past and future lost wages and benefits in an amount to be determined by the trier of fact, but estimated to be no less than $300,000, and past and future emotional distress and mental suffering estimated to be no less than $300,000.

**IV.**

**CAUSES OF ACTION**

## FIRST CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICIES

### Common Law Tort

### By Plaintiff against Employer

36.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

37.     Employer discharged Plaintiff in violation of important and well-established public policies, set forth in various statutes and Constitutional provisions including but not limited to Government Code § 12940, see §§ 12920 and 12926 (employment discrimination and retaliation); Cal. Const. Art. I, § 8 (employment discrimination); Govt. Code §§ 12945.2 (medical leave discrimination and retaliation).

38.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven. Plaintiff has been forced to retain the services of attorney Geoffrey C. Lyon of Lyon Law PC and is entitled to recover reasonable attorneys and expert fees under 42 USC 1988.

39.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## SECOND CAUSE OF ACTION

## MEDICAL LEAVE RETALIATION

### Govt. Code § 12945.2 (CFRA)

### By Plaintiff against Employer

40.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

41.     On information and belief, Employer has more than 5 employees where Plaintiff worked and Plaintiff had worked for Employer for over 12 months and had worked over 1250 hours in the 12 months preceding Plaintiff's use of medical leave. Plaintiff had a serious medical condition requiring that she periodically take time of work.

42.     Employer took adverse employment actions against Plaintiff in retaliation for Plaintiff's attempts to and exercise of Plaintiff's rights to medical leave under Govt. Code § 12945.2, and in retaliation for Plaintiff's opposition to Employer's interference with Plaintiff's

rights.  Employer's retaliation violated Govt. Code § 12945.2, including subsection (l).

43.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

44.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

THIRD CAUSE OF ACTION

MEDICAL LEAVE DISCRIMINATION

Govt. Code § 12945.2 (CFRA)

By Plaintiff against Employer

45.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

46.     On information and belief, Employer has more than 50 employees within 75 miles of where Plaintiff worked and Plaintiff had worked for Employer for over 12 months and had worked over 1250 hours in the 12 months preceding Plaintiff's use of medical leave.

47.     On information and belief, Employer discouraged Plaintiff from taking and denied Plaintiff medical leave from work in violation of Govt. Code § 12945.2, in part by terminating Plaintiff's employment to prevent Plaintiff from taking medical leave from work in the future.

48.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

49.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

FOURTH CAUSE OF ACTION

RETALIATION FOR REQUESTING AND USING ACCOMMODATIONS FOR DISABILITIES

**Govt. Code § 12940(m)**

**By Plaintiff against Employer**

50.     Plaintiff realleges and incorporates in this cause of action al numbered paragraphs above that precede the title block for the "First Cause of Action."

51.     Employer retaliated against Plaintiff for requesting and using accommodations for her disabilities, including time off work for flareups in symptoms, and treatment, and some efforts at self-accommodation, including but not limited to time to compose herself for panic attacks and emotional episodes. Employer's conduct violated Govt. Code § 12940, including subsection (m).

52.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

53.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

**FIFTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH, INTERACTIVE PROCESS TO DETERMINE REASONABLE ACCOMMODATION FOR DISABILITY**

**Govt. Code § 12940(n) By Plaintiff against Employer**

54.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

55.     Employer failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff's disabilities. Employer discouraged Plaintiff from taking further leave.  This violated Govt. Code § 12940, including subsection (n).

56.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

57.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary

-11-

COMPLAINT

damages, including under Civil Code § 3294, in an amount to be proven.

**SIXTH CAUSE OF ACTION**

**FAILURE TO REASONABLY ACCOMMODATE DISABILITIES**

**Govt. Code § 12940(m)**

**By Plaintiff against Employer**

58.    Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

59.    Plaintiff is a member of a class protected from disability discrimination, those having or perceived to have current or future physical or mental disabilities, including but not limited to bipolar disorder and related conditions and symptoms. Plaintiff's disabilities required reasonable accommodations, including but not limited to disability leave and medical treatment, sometimes during working hours.

60.    Employer failed to make reasonable accommodations for the disabilities of Plaintiff. Employer tried to intimidate Plaintiff to prevent Plaintiff from requesting further accommodations. This violated Govt. Code § 12940, including subsection (m).

61.    Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

62.    Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

**SEVENTH CAUSE OF ACTION**

**DISABILITY DISCRIMINATION**

**Govt. Code § 12940(a)**

**By Plaintiff against Employer**

63.    Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

64.    Plaintiff is a member of a class protected from disability discrimination, those having or perceived to have current or future disabilities, including but not limited to bipolar disorder and related conditions and symptoms requiring disability leave and medical evaluation and treatment,

-12-

COMPLAINT

sometimes during working hours.

65.     Employer took adverse employment actions against Plaintiff, including termination, that were substantially motivated by Plaintiff's protected class.  This violated Govt. Code 12940, including subsection (a).

66.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

67.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

**EIGHTH CAUSE OF ACTION**

**RETALIATION FOR OPPOSING VIOLATIONS OF FEHA (Govt. Code § 12900, et seq.)**

**Govt. Code § 12940(h)**

**By Plaintiff against Employer**

68.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

69.     Employer took adverse employment actions against Plaintiff substantially motivated by, and in retaliation for, Plaintiff's opposition to Employer's violation of FEHA, Govt. Code §§ 12900-12996, including Govt. Code §§ 12940 (discrimination), 12945.2 (family/medical leave); see Govt. Code 12920, 12926.  Employer's retaliation violated Govt. Code § 12940, including subsection (h).

70.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

71.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

**NINTH CAUSE OF ACTION**

COMPLAINT

**FAILURE TO PREVENT AND STOP DISCRIMINATION AND RETALIATION**

**Govt. Code § 12940(j), (k)**

**By Plaintiff against Employer**

72.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

73.     Employer knew or reasonably should have known of the discrimination and retaliation against Plaintiff.  Employer failed to take all reasonable steps to prevent these from occurring to Plaintiff, including but not limited to failing to take complaints seriously, failing to timely and thoroughly investigate and document evidence of discrimination and retaliation, failing to report the results of its investigation to Plaintiff, and failing to take timely and appropriate corrective and preventive action to stop the discrimination and retaliation.  This violated Govt. Code § 12940, including subsections (j) and (k).

74.     Employer's wrongful conduct proximately caused Plaintiff to suffer general and special damages in an amount to be proven.  Plaintiff has been required to hire attorneys, including Geoffrey Lyon, of Lyon Law PC, and is entitled to recover reasonable attorneys' fees, including under Govt. Code § 12965.

75.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

**TENTH CAUSE OF ACTION**

**WHISTLEBLOWER RETALIATION**

**Labor Code §§ 1102.5 & 1102.6**

**By Plaintiff against Employer**

76.     Plaintiff realleges and incorporates in this cause of action all numbered paragraphs above that precede the title block for the "First Cause of Action."

77.     Plaintiff reported to supervisors, and refused to participate in, Employer's activities that Plaintiff reasonably believed, would result in a violation of, or noncompliance with, state or federal regulations, statutes or Constitutional provisions, including but not limited to Cal. Govt. Code 12940, 12945.2, Cal. Labor Code, and workplace safety laws including Cal-OSHA.

78.     Employer was substantially motivated to, and did, take adverse employment actions against Plaintiff in retaliation for Plaintiff's protected activities, in violation of Labor Code §§

1102.5 & 1102.6.

79.     Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special and statutory damages in an amount to be proven, and $10,000 per violation under CC § 1102.5. Plaintiff has been required to hire attorneys, including Geoffrey Lyon of Lyon Law, and is entitled to recover reasonable attorneys' fees.  Plaintiff is entitled to injunctive relief including reinstatement and back pay and promotion without discrimination or retaliation.

80.     Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by its officers, directors or managing agents, entitling Plaintiff to an award of punitive and exemplary damages, including under Civil Code § 3294, in an amount to be proven.

## V.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for relief on Plaintiff's causes of action as more specifically set forth in the individual causes of action:

1. For economic damages, including past and future lost wages and medical expenses, in an amount to be proven, but estimated to be no less than $300,000;

2. For non-economic damages, including for past and future emotional distress, in an amount to be proven, but estimated to be no less than $300,000;

3. For punitive and exemplary damages, including under Civil Code § 3294, in and amount to be proven;

4. For statutory damages and penalties, including under Labor Code § 1102.5;

5. For injunctive relief;

6. For prejudgment interest;

7. For costs of suit, including under CCP 1033.5, in an amount to be proven;

-15-

COMPLAINT

8. For reasonable attorneys' fees, including litigation assistant fees, including under Govt. Code § 12965, in an amount to be proven;

9. For such other and further relief as the court deems just and proper.

DATED: December 16, 2021          LYON LAW PC

_____
Geoffrey C. Lyon
Attorney for Plaintiff,
NANCY COPFER

## VI.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues in this action triable by a jury, including but not limited to issues of liability and damages.

DATED: December 16, 2021          LYON LAW PC

_____
Geoffrey C. Lyon
Attorney for Plaintiff,
NANCY COPFER

-16-
COMPLAINT

# EXHIBIT NO. 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 16, 2021

Geoffrey Lyon
3605 Long Beach Boulevard Ste. 311
Long Beach, CA 90807

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 202112-15521401
Right to Sue: Copfer / Molson Coors Beverage Company AKA Miller Coors LLC; and DOES 1 to 10

Dear Geoffrey Lyon:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency        GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 16, 2021

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202112-15521401
Right to Sue: Copfer / Molson Coors Beverage Company AKA Miller Coors LLC; and DOES 1 to 10

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                   KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 16, 2021

Nancy Copfer
c/o 3605 Long Beach Boulevard Ste. 311
Long Beach, CA 90807

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202112-15521401
      Right to Sue: Copfer / Molson Coors Beverage Company AKA Miller Coors LLC;
      and DOES 1 to 10

Dear Nancy Copfer:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective December 16, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Sincerely,


Department of Fair Employment and Housing

1

2

3

4
**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

5
Nancy Copfer                                      DFEH No. 202112-15521401

6
                                        Complainant,

7
vs.

8
Molson Cqors Beverage Company AKA Miller Coors
LLC; and DOES 1 to 10

9
15801 West 1st Street
Irwindale, CA 91706

10

11
                                        Respondents

12

13
**1.** Respondent **Molson Coors Beverage Company AKA Miller Coors LLC; and DOES 1 to
10** is an **employer** subject to suit under the California Fair Employment and Housing Act

14
(FEHA) (Gov. Code, § 12900 et seq.).

15

16
**2.** Complainant **Nancy Copfer**, resides in the City of **Long Beach**, State of **CA**.

17

18
**3.** Complainant alleges that on or about **January 9, 2019**, respondent took the
following adverse actions:

19

20
**Complainant was harassed** because of complainant's sex/gender, gender identity or
expression, genetic information or characteristic, disability (physical or mental), medical
condition (cancer or genetic characteristic), age (40 and over), marital status, other, sexual

21
harassment- hostile environment, association with a member of a protected class, family
care or medical leave (cfra).

22

23
**Complainant was discriminated against** because of complainant's sex/gender, gender
identity or expression, genetic information or characteristic, disability (physical or mental),
medical condition (cancer or genetic characteristic), age (40 and over), marital status, other,

24
sexual harassment- hostile environment, association with a member of a protected class,
family care or medical leave (cfra) and as a result of the discrimination was terminated,

25
forced to quit, denied hire or promotion, reprimanded, denied equal pay, suspended,

26
                                        -1-

27

Date Filed: December 16, 2021

28

DFEH-ENF 80 RS

1  demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work

2  opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

3

4  **Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation,

5  participated as a witness in a discrimination or harassment complaint, requested or used family care or medical leave (cfra) and as a result was terminated, forced to quit, denied hire

6  or promotion, reprimanded, denied equal pay, suspended, demoted, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable

7  accommodation for a disability, other, denied work opportunities or assignments, denied or forced to transfer, denied family care or medical leave (cfra).

8

9  **Additional Complaint Details:** 1. Plaintiff NANCY COPFER ("Plaintiff") was employed by Defendant MOLSON COORS BEVERAGE COMPANY aka MILLER COORS LLC

10  ("Employer") from approximately September 9, 1987 through Plaintiff's termination on or about January 10, 2019. Plaintiff worked at Employer's location at 15801 West First Street,

11  Irwindale, California, 91706. Plaintiff's job title was "Bottler." Plaintiff worked under supervisor Efren Reynoso ("Supr. Reynoso"), supervisor Marty Tessalena ("Supr.

12  Tessalena"), supervisor Jane Doe ("Supr. Doe"), HR Business Partner Emily Tokeshi-Torres ("HR Tokeshi-Torres"), Shop Steward Dave Gonzalez ("Stwd. Gonzalez"), and Shop

13  Steward Tony Marquez ("Stwd. Marquez"). At all relevant times, Plaintiff performed Plaintiff's duties competently and satisfactorily, and Employer's stated reasons for termination of

14  Plaintiff's employment were pretexts for unlawful discrimination and retaliation.

15

16  2. During the period of Plaintiff's employment with Employer, Plaintiff had, and/or was perceived by Employer as having and/or likely to have disabilities in the future.  These disabilities included but are not limited to bipolar disorder.  Plaintiff's disabilities did and/or

17  were regarded by Employer as limiting Plaintiff's major life activities, including ability to work. Plaintiff's disabilities required reasonable accommodations, including but not limited to

18  periodic time off work for medical treatment and recuperation from flare ups of symptoms and workplace accommodations. Employer failed and refused to provide reasonable

19  accommodations for Plaintiff's disabilities. Plaintiff also took medications for Plaintiff's disabilities and related conditions.  On information and belief, such medications and their

20  side effects were, or were perceived by Employer to be, actually or potentially disabling. Plaintiff's disabilities did and/or were regarded by Employer as interfering with and limiting

21  Plaintiff's major life activities, including ability to work.

22

23  3. At all relevant times Plaintiff was qualified for Plaintiff's job position with Employer, and could perform all essential functions of Plaintiff's job, and of reasonably available alternative positions of Employer, either with or without reasonable accommodations, without

24  unreasonably endangering Plaintiff's or anyone else's health or safety.

25  4. In or about 1987, Plaintiff was diagnosed with bipolar disorder.

26                                        -2-
                            *Complaint -- DFEH No. 202112-15521401*

27  Date Filed: December 16, 2021

28

DFEH-ENF 80 RS

5. In or about July 2017 through December 2018, Plaintiff reported to supervisors, including Supr. Reynoso, and/or refused to participate in, Employer's violation of laws and regulations prohibiting discrimination, and retaliation, including Cal. Govt. Code 12940, 12945, 12945.2; Cal. Const. Art. I, Section 8; Cal. Lab. Code including 512, and workplace safety laws including Cal-OSHA. Employer retaliated against Plaintiff's whistleblower activities including by terminating Plaintiff.

6. In or about September 2017, Plaintiff's uncle passed away. The two were very close, and his passing caused an excess amount of emotional stress for Plaintiff. On or about October 24, 2017, Plaintiff began to cry while driving the forklift as a result of this. Later that day, Plaintiff asked a coworker Dave Miranda if he could help her with loading pallets slip-sheets and frames into a truck. Mr. Miranda denied this. Supr. Reynoso arrived soon after and asked if Plaintiff needed to go to the nurse. Plaintiff replied that she did not, and Supr. Reynoso left. About an hour later, Supr. Reynoso returned and told Plaintiff to leave the forklift and only clean for the rest of the day.

7. On or about October 25, 2017, Plaintiff arrived at work and cleaned as directed by Supr. Reynoso. After the morning team meeting, Supr. Reynoso asked Plaintiff to go to HR. Plaintiff asked Supr. Reynoso had she done anything wrong, and Supr. Reynoso replied with only "I just want you to visit HR." There, HR, possibly Tokeshi-Torres told Plaintiff that she needed to go home, schedule an appointment with her psychiatrist and turn in medical certification from her psychiatrist. HR Tokeshi-Torres handed Plaintiff a letter requesting a fit for duty mental evaluation. Until said evaluation was completed and Plaintiff was cleared for work, Plaintiff was to remain home on workman's compensation. HR Tokeshi-Torres walked Plaintiff out of the facility. Plaintiff visited her psychiatrist that same day who suggested that Plaintiff get a physical before clearing her for work. Plaintiff then learned appointments with her physical doctor were more than a month out. Plaintiff told HR Tokeshi-Torres, who informed Plaintiff HR will set up an appointment with the Employer's psychiatrist.

8. On or about November 15, 2017, Plaintiff visited the Employer's psychiatrist. The psychiatrist instructed Plaintiff to take a self-evaluation. From these results, the psychiatrist decided if Plaintiff was fit to return to work. Plaintiff requested the results, but this request was denied. Employer's psychiatrist explained that only Plaintiff's managers and supervisors could view the results, and that Employer would contact her based on the psychiatrist's recommendations.

9. After November 15, 2017, Plaintiff met with her physical doctor for her physical check-up. Plaintiff's physical doctor cleared her to return to work. Plaintiff notified HR Tokeshi-Torres. HR Tokeshi-Torres asked Plaintiff to turn in the medical certification from your psychiatrist and physical doctor clearing Plaintiff to return to work after Employer contacts her.

10. On or about December 14, 2017, Plaintiff met with HR Tokeshi-Torres, Supr. Reynoso, and Shop Steward Tony Marquez. All four signed a contract stipulating that Plaintiff follow the psychiatrist's recommended modifications: to allow Plaintiff to recompose herself when she felt emotional, monthly check-ins with the Employer's nurse, and restricted overtime.

Date Filed: December 16, 2021

DFEH-ENF 80 RS

Plaintiff felt this final requirement was limiting, as she relied on overtime to pay for medications. Plaintiff was told that she could not modify these accommodations. Plaintiff's overtime was limited going forward, and she missed several overtime opportunities. The contract warned her that should she display emotional outbursts such as crying or mood swings again, Plaintiff will be terminated. Before entering the room, Stwd. Marquez told Plaintiff that she should not cry while reading the document, or else she would be fired. Plaintiff gave the medical certification to her supervisors, as directed by HR Tokeshi-Torres. All four agreed that Plaintiff would return to work on the following Monday, December 18, 2017.

11. Following her return to work on or around December 18, 2017, Plaintiff began taking photographs of the unsafe working conditions in the plant. These numerous photos included safety hazards such as broken pallets, missing and incorrectly stacked slip sheets, and battery acid covering the floors and machines used to load pallets, and the broken door leading to and ceiling above the women's locker room. Plaintiff showed these pictures to Supr. Reynoso as further verification for the safety concerns that she had been writing and sending to him. Even with these photographs, Supr. Reynoso did not address most of these concerns.

12. On or about January 10, 2018, co-worker Lillian LNU asked Plaintiff to get her a glue tote. She retrieved the item and gave it to Lillian LNU, who then told Plaintiff it was a bad tote and unusable. Following protocol, Plaintiff went to put the tote in the warehouse's shop with a hold tag on it so it could be fixed. As she went to return it, Supr. Reynoso stopped Plaintiff and asked what she was doing. When Plaintiff informed Supr. Reynoso, he accused her of lying and starting something with Lillian LNU. Plaintiff told Supr. Reynoso she was following the protocol he taught her to do, and that Lillian LNU was the one who asked her to do this in the first place. Supr. Reynoso ignored this.

13. In or about February of 2018, Plaintiff asked Supr. Reynoso about her yearly hearing check-up. Every year, workers in the plant were supposed to have their hearing checked by ENTs that visited the facility. This was due to the risk posed by working with such loud, heavy machinery for long periods of the day. Plaintiff had not been called in for her yearly check-up, even after all her immediate co-workers had been. Supr. Reynoso said he would make sure Plaintiff got her check-up soon. Plaintiff was never called in for this check-up.

14. In or about February of 2018, Supr. Reynoso asked Plaintiff to take pictures of the trash receptacles in the facility to determine how much excess trash was being thrown away. Supr. Reynoso had received complaints they were throwing away too much. Supr. Reynoso wanted to lessen the amount of waste from the facility. When Plaintiff took a picture of an overflowing trash receptacle, a female co-worker yelled at Plaintiff. The female co-worker said she would report Plaintiff to HR for this, but Plaintiff replied that she was acting at the direction of Supr. Reynoso. Plaintiff replied if she was taken to HR, they would lose access to the company-issued cell phones Plaintiff was using to take photographs with. The female co-worker dropped the issue after this.

*Complaint – DFEH No. 202112-15521401*

Date Filed: December 16, 2021

DFEH-ENF 80 RS

15. On or about February 14, 2018 at around 8:15 p.m., Plaintiff received a call from Stwd. Gonzalez to come in at 9:30 to work on materials in the facility. Plaintiff said she would be there. At around 9:30 p.m., Stwd. Gonzalez called again and told Plaintiff she would work in the warehouse instead. Plaintiff asked why it had changed. Stwd. Gonzalez yelled at her for asking. Plaintiff became so upset she was unable to work and had to call off work, consistent with her doctor recommended accommodations.

16. On or about February 20, 2018, Supr. Reynoso closed the plant for the night. Supr. Reynoso did not fulfill his responsibility of making sure items had been placed in their proper locations the night before. As a result, Plaintiff lost an hour of work the following day as she had to fix this issue. Plaintiff talked about this with co-worker Cindy Patton, who said Supr. Reynoso had done the same thing a few weeks earlier, and she had to clean it up then. Cindy Patton told Plaintiff she would report this to HR. No investigation or corrective action was taken.

17. On or about February 26, 2018, Plaintiff asked a co-worker to take down a box that was too high up for the forklift to reach, and could therefore hit pipes and pose a safety hazard. On the following day, an unknown Shop Steward approached Plaintiff and informed her he had received three complaints that Plaintiff asked for help moving this box. Plaintiff explained that it posed a safety hazard.

18. On or about March 9, 2018, Plaintiff spoke with co-worker Lisa LNU about how Supr. Reynoso had not addressed her safety concern regarding the broken ceiling in the women's showers and the broken lock on the door. Lisa LNU went to HR to report that nothing had been done. At around 4:30 p.m. that day, Supr. Reynoso approached Plaintiff and asked why she had not told him about the missing ceiling. Plaintiff replied that she had filed a safety concern with him the previous July. Supr. Reynoso asked why Plaintiff had not talked to him about it since. Plaintiff replied that she had told Supr. Reynoso about the issue and turned in several work orders. Supr. Reynoso assured her that he would look at all the safety concerns Plaintiff had submitted to him, and Plaintiff replied that there were some she had submitted twice with nothing done. While Supr. Reynoso assured her that he would solve the issue, the ceiling and lock were never fixed.

19. On or about May 4, 2018, Plaintiff asked Mr. Miranda if he would be able to move an empty truck stationed at Door 112 to Door 113 in the plant. Supr. Reynoso had told Plaintiff not to station trucks at Door 112. On the following day, Stwd. Marquez informed Plaintiff he had received a complaint from Mr. Miranda. Stwd. Marquez told Plaintiff to apologize to Mr. Miranda, as he complained to Stwd. Marquez that the truck was meant to remain at Door 112. While Plaintiff believed this was incorrect, she followed Stwd. Marquz's order. When Plaintiff went to apologize to Mr. Miranda, he began to laugh at her. Plaintiff asked why, and Mr. Miranda only said he no longer wanted to work with her.

20. On or about May 9, 2018, Plaintiff was cleaning up by the doors leading out of the Cage, when Mr. Miranda came by on his forklift. Mr. Miranda yelled at her to stop cleaning and move out of the way. Although there was room for him to drive around her, Plaintiff complied, and felt intimidated.

-5-

Complaint – DFEH No. 202112-15521401

Date Filed: December 16, 2021

21. On or about July 30, 2018, Plaintiff was approached by Supr. Reynoso while she was driving a forklift carrying double the typical load of materials. Supr. Reynoso said he received complaints that Plaintiff was violating safety protocols by doing this. Plaintiff informed Supr. Reynoso that the workers of the plant had viewed a video together showcasing the way to safely double load on a forklift and signed a contract stating they had seen it. Supr. Reynoso went to review his files, and returned to inform Plaintiff she was correct.

22. In or about the end of December 2018, Supr. Reynoso held the usual morning team meeting. While Supr. Reynoso addressed the team, Plaintiff asked him "How can you be my friend when you tried to fire me," and suffered an intense panic attack. A co-worker called for the Shop Steward on duty, Alex LNU, who then walked with Plaintiff to HR. AN ambulance was called for Plaintiff. While waiting in the HR office, Plaintiff asked for a Tylenol, but the unknown HR representative rejected this. Plaintiff was then taken to the emergency room, where she remained for an hour and a half. Plaintiff received medication and was returned to work. At work, the nurse asked if she was alright to drive home. Plaintiff replied yes, and then she was sent home from work. Plaintiff tried to set up an appointment with her psychiatrist, but he was unavailable for several months. Plaintiff saw another psychiatrist, who recommended that Plaintiff be admitted into a psychiatric ward. Plaintiff was admitted the following day, and remained there until January 2019. Plaintiff was not paid for her time away from work and at the psychiatric ward.

23. On or about January 9, 2019, Plaintiff was released from the psychiatric ward and returned home. There, she saw that she had several missed calls from HR Tokeshi-Torres. Plaintiff called HR Tokeshi-Torres, who asked for her to join a conference call the following day. On or about January 10, 2019, Plaintiff joined the conference call with HR Tokeshi-Torres, an agent for Employer named Phil Cooper, another unknown member of HR, and an unknown Shop Steward. On the call, HR Tokeshi-Torres informed Plaintiff that her employment was terminated. Plaintiff asked what this meant, and the other member of HR replied that Plaintiff was fired. HR Tokeshi-Torres then said goodbye and terminated the call.

24. Employer was substantially motivated to and did discriminate and retaliate against Plaintiff, including terminating Plaintiff, based upon Plaintiff's protected classes, and retaliated against Plaintiff's opposition to discrimination and retaliation.

25. Supervisor Efren Reynoso, supervisor Marty Tessalena, HR Business Partner Emily Tokeshi-Torres, re managing agents of Employer because on information and belief Employer allowed them to exercise largely unfettered discretion to participate in, authorize and ratify, and to determine whether and how to investigate and discipline evidence of, discrimination, retaliation and other legal compliance, including but not limited to labor laws, OSHA and their industry's regulations. Employer allowed them to exercise largely unfettered discretion to determine whether and how to enforce legal requirements. These individuals had the discretion to make highly influential hiring and firing recommendations, and manage, supervise, evaluate and discipline other managers, and enter into binding agreements on

Date Filed: December 16, 2021

DFEH-ENF 80 RS

behalf of Employer. They participated in, authorized and/or ratified the discriminatory, retaliatory and unlawful adverse employment actions against Plaintiff and others.

26. As the proximate result of Defendant's wrongful conduct, Plaintiff has and will suffer past and future lost wages and benefits in an amount to be determined by the trier of fact, but estimated to be no less than $300,000, and past and future emotional distress and mental suffering estimated to be no less than $300,000.

-7-

*Complaint -- DFEH No. 202112-15521401*

Date Filed: December 16, 2021

DFEH-ENF 80 RS

1 | VERIFICATION

2 | I, **Geoffrey Lyon**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based
on information and belief, which I believe to be true.

4 |
On December 16, 2021, I declare under penalty of perjury under the laws of the State
5 | of California that the foregoing is true and correct.

6 | **Long Beach, CA**

-8-
*Complaint – DFEH No. 202112-15521401*

Date Filed: December 16, 2021

DFEH-ENF 80 RS

EXHIBIT B

Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2021 05:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk
21STCV46244

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MOLSON COORS BEVERAGE COMPANY aka MILLER COORS LLC; and DOES 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NANCY COPFER

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):*<br>21STCV46244 |
|---|---|

Stanley Mosk Courthouse 111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Geoffrey C. Lyon, Lyon Law PC 3605 Long Beach Blvd. Suite 311 Long Beach, CA 90807, Tel: (562) 426-2112

| DATE:<br>*(Fecha)* 12/16/2021 | Clerk, by<br>*(Secretario)* Sherri R. Carter Executive Officer / Clerk of Court<br>C. Monroe | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]


1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒☒ on behalf of *(specify):*  Molson Coors Beverage Company, AKA Miller Coors LLC

    under: ☒☒ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]    [ Save this form ]        [ Clear this form ]

Electronically FILED by Superior Court of California, County of Los Angeles on 12/16/2021 05:22 PM Sherri R. Carter, Executive Officer/Clerk of Court, by C. Monroe,Deputy Clerk

21STCV46244

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Geoffrey C. Lyon, SBN 132747<br>3605 Long Beach Blvd. Suite 311 Long Beach, CA 90807<br><br>TELEPHONE NO.: (562) 426-2112    FAX NO. *(Optional):* (888) 239-2462<br>E-MAIL ADDRESS: glyon@lyonlawyer.com<br>ATTORNEY FOR *(Name):* Plaintiff NANCY COPFER | FOR COURT USE ONLY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
 STREET ADDRESS: 111 North Hill Street
 MAILING ADDRESS: 111 North Hill Street
 CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
 NANCY COPFER v. MOLSON COORS BEVERAGE COMPANY et. al

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 21STCV46244 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
 [ ] Auto (22)
 [ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
 [ ] Asbestos (04)
 [ ] Product liability (24)
 [ ] Medical malpractice (45)
 [ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
 [ ] Business tort/unfair business practice (07)
 [ ] Civil rights (08)
 [ ] Defamation (13)
 [ ] Fraud (16)
 [ ] Intellectual property (19)
 [ ] Professional negligence (25)
 [ ] Other non-PI/PD/WD tort (35)
**Employment**
 [X] Wrongful termination (36)
 [ ] Other employment (15)

**Contract**
 [ ] Breach of contract/warranty (06)
 [ ] Rule 3.740 collections (09)
 [ ] Other collections (09)
 [ ] Insurance coverage (18)
 [ ] Other contract (37)
**Real Property**
 [ ] Eminent domain/inverse condemnation (14)
 [ ] Wrongful eviction (33)
 [ ] Other real property (26)
**Unlawful Detainer**
 [ ] Commercial (31)
 [ ] Residential (32)
 [ ] Drugs (38)
**Judicial Review**
 [ ] Asset forfeiture (05)
 [ ] Petition re: arbitration award (11)
 [ ] Writ of mandate (02)
 [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
 [ ] Antitrust/Trade regulation (03)
 [ ] Construction defect (10)
 [ ] Mass tort (40)
 [ ] Securities litigation (28)
 [ ] Environmental/Toxic tort (30)
 [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
 [ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
 [ ] RICO (27)
 [ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
 [ ] Partnership and corporate governance (21)
 [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
 a. [ ] Large number of separately represented parties
 b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
 c. [ ] Substantial amount of documentary evidence
 d. [ ] Large number of witnesses
 e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
 f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* TEN
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 12/16/2021
Geoffrey C. Lyon
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev.September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

**For your protection and privacy, please press the Clear
This Form button after you have printed the form.**

| Print this form | Save this form |

| Clear this form |

| SHORT TITLE: Copfer v. Molson Coors Beverage Company et. al | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.

2. Permissive filing in central district.

3. Location where cause of action arose.

4. Mandatory personal injury filing in North District.

5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.

8. Location wherein defendant/respondent functions wholly.

9. Location where one or more of the parties reside.

10. Location of Labor Commissioner Office.

11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: Copfer v. Molson Coors Beverage Company et. al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE: Copfer v. Molson Coors Beverage Company et. al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Copfer v. Molson Coors Beverage Company et. al | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS:<br><br>15801 West 1st Street |
|---|---|

| CITY:<br>Irwindale | STATE:<br>CA | ZIP CODE:<br>91706 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _____12/16/2021_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

**MAY 03 2019**

Sherri R. Carter, Executive Officer/Clerk

By_____,Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )   FIRST AMENDED GENERAL ORDER
-- MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

   a) **"Bookmark"**  A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

   b) **"Efiling Portal"**  The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

   c) **"Electronic Envelope"**  A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

   d) **"Electronic Filing"**  Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2019-GEN-014-00

d) Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if electronic filing has been implemented in that case type, regardless of whether the case has been related to a Civil case.

3) **EXEMPT LITIGANTS**

a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt from mandatory electronic filing requirements.

b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused from filing documents electronically and be permitted to file documents by conventional means if the party shows undue hardship or significant prejudice.

4) **EXEMPT FILINGS**

a) The following documents shall not be filed electronically:

   i) Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of Civil Procedure sections 170.6 or 170.3;

   ii) Bonds/Undertaking documents;

   iii) Trial and Evidentiary Hearing Exhibits

   iv) Any ex parte application that is filed concurrently with a new complaint including those that will be handled by a Writs and Receivers department in the Mosk courthouse; and

   v) Documents submitted conditionally under seal. The actual motion or application shall be electronically filed. A courtesy copy of the electronically filed motion or application to submit documents conditionally under seal must be provided with the documents submitted conditionally under seal.

b) Lodgments

   Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in paper form. The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

3

2019-GEN-014-00

5) **ELECTRONIC FILING SYSTEM WORKING PROCEDURES**

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) **TECHNICAL REQUIREMENTS**

a) Electronic documents must be electronically filed in PDF, text searchable format when technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

    i)   Depositions;

    ii)   Declarations;

    iii)  Exhibits (including exhibits to declarations);

    iv)  Transcripts (including excerpts within transcripts);

    v)   Points and Authorities;

    vi)  Citations; and

    vii)  Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

2019-GEN-014-00

   h) Writs and Abstracts

      Writs and Abstracts must be submitted as a separate electronic envelope.

   i) Sealed Documents

      If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

   j) Redaction

      Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

   a) Filed Date

     i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing.  Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.   (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

     ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of:  (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

   a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

2019-GEN-014-00

1      b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the

2          day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte

3          application must be provided to the court the day of the ex parte hearing.

4  9) PRINTED COURTESY COPIES

5      a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must

6          be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If

7          the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom

8          by 10:00 a.m. the next business day.

9      b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of

10         electronic submission) is required for the following documents:

11        i)   Any printed document required pursuant to a Standing or General Order;

12        ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26

13            pages or more;

14        iii)  Pleadings and motions that include points and authorities;

15        iv)  Demurrers;

16        v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

17        vi)  Motions for Summary Judgment/Adjudication; and

18        vii)  Motions to Compel Further Discovery.

19      c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of

20         additional documents. Courtroom specific courtesy copy guidelines can be found at

21         www.lacourt.org on the Civil webpage under "Courtroom Information."

22  10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

23      a) Fees and costs associated with electronic filing must be waived for any litigant who has

24         received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. §

25         1010.6(d)(2).)

26      b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure

27         section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be

28         electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1    11) SIGNATURES ON ELECTRONIC FILING

2        For purposes of this General Order, all electronic filings must be in compliance with California

3    Rules of Court, rule 2.257. This General Order applies to documents filed within the Civil

4    Division of the Los Angeles County Superior Court.

5

6        This First Amended General Order supersedes any previous order related to electronic filing,

7    and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8    Supervising Judge and/or Presiding Judge.

9

10   DATED:  May 3, 2019                    

                                            KEVIN C. BRAZILE

11                                          Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

Date: _____

_____
(TYPE OR PRINT NAME)

>
_____
(ATTORNEY FOR PLAINTIFF)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR DEFENDANT)

>
_____
(ATTORNEY FOR _____)

>
_____
(ATTORNEY FOR _____)

>
_____
(ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)
LASC Approved 04/11

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 2 of 2

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

   i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

   ii. Include a brief summary of the dispute and specify the relief requested; and

   iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

   i. Also be filed on the approved form (copy attached);

   ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ (ATTORNEY FOR _____ )

➢ (ATTORNEY FOR _____ )

➢ (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:   FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1.  This document relates to:
    - ☐   Request for Informal Discovery Conference
    - ☐   Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4.  **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

### INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):      FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR PLAINTIFF)

Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)               (ATTORNEY FOR DEFENDANT)

Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

Date:

_____     ➤ _____
    (TYPE OR PRINT NAME)            (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____         _____
                                                JUDICIAL OFFICER

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 11 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

1
2
3
4
5
6
7      SUPERIOR COURT OF THE STATE OF CALIFORNIA
8              FOR THE COUNTY OF LOS ANGELES
9
10   General Order Re                    )   ORDER PURSUANT TO CCP 1054(a),
     Use of Voluntary Efficient Litigation )   EXTENDING TIME TO RESPOND BY
11   Stipulations                        )   30 DAYS WHEN PARTIES AGREE
                                         )   TO EARLY ORGANIZATIONAL
12                                       )   MEETING STIPULATION
                                         )
13   _____)
14
15          Whereas the Los Angeles Superior Court and the Executive Committee of the
16   Litigation Section of the Los Angeles County Bar Association have cooperated in
17   drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for
18   use in general jurisdiction civil litigation in Los Angeles County;
19          Whereas the Los Angeles County Bar Association Litigation Section; the Los
20   Angeles County Bar Association Labor and Employment Law Section; the Consumer
21   Attorneys Association of Los Angeles; the Association of Southern California Defense
22   Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California
23   Employment Lawyers Association all "endorse the goal of promoting efficiency in
24   litigation, and ask that counsel consider using these stipulations as a voluntary way to
25   promote communications and procedures among counsel and with the court to fairly
26   resolve issues in their cases;"
27
28

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_

5

6  Carolyn B. Kuhl, Supervising Judge of the
   Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)



## Superior Court of California, County of Los Angeles

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

    a. **The Civil Mediation Vendor Resource List**
        If all parties in an active civil case agree to mediation, they may contact these organizations
        to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
        cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
  (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
  (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List**

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

    b. **Los Angeles County Dispute Resolution Programs**
        https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

        Day of trial mediation programs have been paused until further notice.

        **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases
        should carefully review the Notice and other information they may receive about (ODR)
        requirements for their case.

    c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/16/2021**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Monroe _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>21STCV46244 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✔ | Stephanie M. Bowick | 19 | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 12/20/2021
    (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Monroe _____ , Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15 days** after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

EXHIBIT C

Electronically FILED by Superior Court of California, County of Los Angeles on 01/21/2022 12:17 PM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Love,Deputy Clerk

1  James Y. Wu (SBN 213090)
   **QUARLES & BRADY LLP**
2  2872 Ygnacio Valley Road, #436
   Walnut Creek, CA  94598
3  Telephone:   925.658.0300
   Facsimile:    602.417.2932
4  Email:  James.Wu@quarles.com

5  Attorneys for Defendant
   Molson Coors Beverage Company USA LLC
6  fka MillerCoors LLC

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10  NANCY COPFER, an individual,           CASE NO.  21STCV46244

11              Plaintiff,                 **DEFENDANT'S ANSWER AND**
                                           **AFFIRMATIVE DEFENSES TO**
12   vs.                                   **PLAINTIFF'S COMPLAINT FOR**
                                           **DAMAGES**
13  MOLSON COORS BEVERAGE
    COMPANY aka MILLERCOORS LLC;           Judge Stephanie M. Bowick
14  and DOES 1 to 10,

15              Defendants.                Department 19, Stanley Mosk Courthouse

16

17

18          Defendant  Molson  Coors  Beverage  Company  USA  LLC  fka  MillerCoors  LLC [1]

19  ("Defendant"),  hereby  answers  the  Complaint  for  Damages  ("Complaint")  of  Plaintiff  Nancy

20  Copfer ("Plaintiff"), and each and every cause of action alleged therein as follows:

21                              **<u>GENERAL DENIAL</u>**

22          Pursuant to the provisions of Code of Civil Procedure § 431.30, Defendant denies each and

23  every  allegation  contained  in  Plaintiff's  Complaint,  and  further  denies  that  Plaintiff  has  been

24  damaged at all or in any sum whatsoever, or that Plaintiff is entitled to penalties, equitable or

25  injunctive relief, compensatory damages, restitution, attorneys' fees, prejudgment interest, costs of

26  suit, or any other relief of any kind whatsoever.

27  _____

28  [1] The proper name of Defendant Molson Coors Beverage Company is Molson Coors Beverage Company USA LLC,
    formerly known as MillerCoors LLC.

QUARLES & BRADY LLP
ATTORNEYS AT LAW
WALNUT CREEK

**AFFIRMATIVE DEFENSES**

Without admitting any of the conduct alleged by Plaintiff, or assuming any burden of proof, Defendant asserts the following affirmative defenses to the Complaint, and each and every cause of action contained therein.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a viable cause of action against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, including but not limited to, Government Code §§ 12960 and 12965; and Code of Civil Procedure § 338.

**THIRD AFFIRMATIVE DEFENSE**

**(Equitable Doctrines)**

As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by various equitable doctrines, including laches, estoppel, waiver, unclean hands, collateral estoppel, and/or res judicata.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that Plaintiff is barred from claiming injuries or damages because Plaintiff caused such injuries or damages and/or has failed to mitigate her damages, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(After Acquired Evidence Doctrine)**

As a separate defense to each cause of action alleged in Plaintiff's Complaint, Plaintiff's

Quarles & Brady LLP
Attorneys At Law
Walnut Creek

-2-

CASE NO. 21STCV46244
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1  Complaint is barred, in whole or in part, based on after-acquired evidence Defendant has presently
2  and/or may acquire during the course of litigation.

3                          **SIXTH AFFIRMATIVE DEFENSE**

4                               **(Undue Hardship)**

5       As a separate defense to each cause of action alleged in Plaintiff's Complaint, Plaintiff's
6  Complaint is barred, in whole or in part, because any requests Plaintiff made for accommodation
7  would have imposed an undue hardship on Defendant.

8                        **SEVENTH AFFIRMATIVE DEFENSE**

9                     **(Failure to Exhaust Internal Procedures)**

10      As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant
11  alleges that Plaintiff's Complaint is barred because Plaintiff failed to exhaust internal, contractual,
12  and/or administrative remedies.

13                          **EIGHTH AFFIRMATIVE DEFENSE**

14                           **(Pre-Existing Condition)**

15      As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant
16  alleges that to the extent Plaintiff suffered any symptoms of mental, physical or emotional distress,
17  such injuries were the result of a pre-existing, psychological or physical disorder or alternative
18  concurrent cause, and not the result of any act or omission on the part of Defendant.

19                          **NINTH AFFIRMATIVE DEFENSE**

20                          **(Business Justification)**

21      As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant
22  alleges that its activities undertaken with respect to Plaintiff, if any, were privileged or otherwise
23  justified, as such activities were proper, fair and legitimate business activities and/or due to
24  business-related reasons which were neither arbitrary, capricious nor unlawful, and which were
25  undertaken to protect Defendant's economic interests and/or relations.

26                          **TENTH AFFIRMATIVE DEFENSE**

27              **(Reasonable Preventative or Corrective Action)**

28      As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant

QUARLES & BRADY LLP
ATTORNEYS AT LAW
WALNUT CREEK

-3-
CASE NO. 21STCV46244
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT FOR DAMAGES

alleges that Plaintiff's claims are barred because Defendant, at all times relevant to Plaintiff's Complaint, had proper and valid policies and procedures in place to take reasonable care in preventing and/or promptly correcting any workplace discrimination from occurring, which Plaintiff failed to utilize.  Reasonable use of Defendant's policies and procedures by Plaintiff would have prevented all or at least some of the harm suffered, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Duty to Provide Reasonable Accommodation Satisfied)

As a separate defense to the third cause of action alleged in Plaintiff's Complaint, Defendant alleges that it satisfied any obligation it had to provide a reasonable accommodation.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Engage in the Interactive Process)

As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that Plaintiff unreasonably failed to interact with Defendant regarding any perceived need for an accommodation and obstructed Defendant's good-faith attempt to interact with Plaintiff to ascertain whether such accommodation was needed.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that Plaintiff's Complaint, and each and every cause of action set forth therein alleged against Defendant, fails to state facts sufficient to the recovery of punitive damages or exemplary damages or to show that Defendant acted with malice, oppression, or fraud, so as to warrant an award of punitive damages under California Code of Civil Procedure § 3294.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Legitimate Non-Discriminatory/Non-Retaliatory Reasons)

As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant alleges that any and all employment actions taken with respect to Plaintiff were based on one or more legitimate, non-discriminatory, or non-retaliatory reasons.

Quarles & Brady LLP
Attorneys At Law
Walnut Creek

-4-

CASE NO. 21STCV46244
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1

**FIFTEENTH AFFIRMATIVE DEFENSE**

2

**(Set-Off)**

3      As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant

4 alleges that it is entitled to a set-off of any benefits awards or judgments Plaintiff receives or has

5 received from workers' compensation, unemployment insurance compensation, and from any of

6 Defendant's benefit plans, or from other employers or governmental benefits for injuries or

7 damages alleged, against any award to Plaintiff in this action.

8

**SIXTEENTH AFFIRMATIVE DEFENSE**

9

**(Consent)**

10      As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant

11 alleges that any recovery on Plaintiff's Complaint, or on any purported cause of action alleged

12 therein, is barred to the extent that Plaintiff consented to any of the activities and/or conduct alleged

13 therein.

14

**SEVENTEENTH AFFIRMATIVE DEFENSE**

15

**(No Intent)**

16      As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant

17 alleges that Plaintiffs claims are barred, in whole or in part, to the extent Plaintiff purports to present

18 a claim for any intentional tort or any statutory claim requiring intent on the part of the Defendant,

19 because Defendant did not act with the requisite intent with respect to the conduct alleged in the

20 Complaint, and according, even if some conduct alleged in the Complaint did occur, Plaintiff

21 cannot prevail on any such claim.

22

**EIGHTEENTH AFFIRMATIVE DEFENSE**

23

**(Good Faith)**

24      As a separate defense to each cause of action alleged in Plaintiff's Complaint, Defendant

25 alleges that Plaintiff's claims are barred, in whole or in part, because actions taken with respect to

26 Plaintiff's employment were based on an honest, reasonable, good faith belief in the facts as known

27 and understood by Defendant at the time.

28

QUARLES & BRADY LLP
ATTORNEYS AT LAW
WALNUT CREEK

-5-

**CASE NO. 21STCV46244**
**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

**NINETEENTH AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees and Costs for Plaintiff)**

As a separate defense to each cause of action in Plaintiff's complaint, Defendant alleges that Plaintiff's Complaint fails to state facts sufficient to support an award of attorneys' fees and costs against Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Plaintiff Not Disabled)**

As a separate defense to each cause of action in Plaintiff's complaint, Defendant alleges that Plaintiff is not now, nor has Plaintiff ever been, a qualified person with a disability under the California Fair Employment and Housing Act and/or other similar law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Preemption)**

As a separate defense to each cause of action in Plaintiff's complaint, Defendant alleges that to the extent resolution of Plaintiff's claims require interpretation and application of the collective bargaining agreement governing her employment, they are preempted by Section 301 of the Labor Management Relations Act and/or barred by the applicable statute of limitations for bringing such claims and/or barred by the grievance and arbitration procedure contained in the collective bargaining agreement. See 29 U.S.C. §185.

**ADDITIONAL DEFENSES**

Defendant does not presently know all of the facts concerning the conduct of Plaintiff and Plaintiff's claims sufficient to state all affirmative defenses at this time. Accordingly, Defendant expressly reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment from this Court as follows:

1.      Plaintiff takes nothing by this action;

2.      That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff in favor of Defendant on each claim;

QUARLES & BRADY LLP
ATTORNEYS AT LAW
WALNUT CREEK

-6-

CASE NO. 21STCV46244
DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT FOR DAMAGES

3.      That Defendant be awarded its attorneys' fees and costs of suit herein to the extent permitted under applicable law; and

4.      Such other and further relief as the Court deems appropriate and proper.

Dated:  January 21, 2022                           QUARLES & BRADY LLP


By: _____
        James Y. Wu

*Attorneys for Defendant Molson Coors*
*Beverage Company USA LLC fka MillerCoors*
*LLC*

QUARLES & BRADY LLP
ATTORNEYS AT LAW
WALNUT CREEK

-7-

**CASE NO. 21STCV46244**
**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of Arizona, over the age of eighteen years, and not a party to the within action.  My business address is Renaissance One, Two North Central Avenue, Phoenix, AZ  85004-2391.  On January 21, 2022, I caused to be served the following document(s):

### DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF's COMPLAINT FOR DAMAGES

On the party stated below by the following means of service:

☐     By First-Class Mail I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice correspondence is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Phoenix, Arizona in the ordinary course of business. The envelope described above was sealed and placed for collection on the date indicated above following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in this affidavit.

☒     By One Legal I caused a true and correct copy of the above-entitled document(s) to be served electronically through One Legal to all parties appearing on the One Legal electronic service list for the above-entitled case, if available.

☐     By Personal Service I caused each such envelope to be given to a courier messenger with instructions to deliver each such envelope to the office of the below-referenced attorneys of record.

☐     By Overnight Courier I caused each such envelope to be placed in a sealed package designated by Federal Express and depositing same in an overnight express receptacle maintained by Federal Express, Phoenix, Arizona, with delivery fees provided for, with instructions to be hand delivered to the office of the addressee on the next business day.

☐     By Facsimile Fax Number (see below)

☒     Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the person at the electronic service address listed as follows:

Geoffrey C. Lyon                glyon@lyonlawyer.com
Lyon Law PC
3605 Long Beach Blvd., Suite 311     Attorney for Plaintiff
Long Beach, California 90807

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct and that this declaration was executed on January 21, 2022.

_____
Declarant

QUARLES & BRADY LLP
ATTORNEYS AT LAW
WALNUT CREEK

**CASE NO. 21STCV46244**
**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

EXHIBIT D

1  JAMES Y. WU, BAR NO. 213090
   QUARLES & BRADY LLP
2  2872 Ygnacio Valley Road, #436
   Walnut Creek, CA 94598
3  Telephone:   925.658.0300
   Facsimile:   602.417.2932
4  Email:   James.Wu@quarles.com

5  Attorneys for Defendant
   Molson Coors Beverage Company USA LLC
6  fka MillerCoors LLC

7

8                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10  NANCY COPFER, an individual,            CASE NO.  21STCV46244

11              Plaintiff,                  **NOTICE TO SUPERIOR COURT AND TO
                                            ADVERSE PARTY OF REMOVAL OF**
12   vs.                                    **ACTION TO FEDERAL COURT**

13  MOLSON COORS BEVERAGE
    COMPANY aka MILLERCOORS LLC;            Judge Stephanie M. Bowick
14  and DOES 1 to 10,
                                            Department 19, Stanley Mosk Courthouse
15              Defendants.

16

17

18  **TO THE ABOVE-ENTITLED COURT AND TO PLAINTIFF AND HER ATTORNEY OF**

19  **RECORD:**

20          PLEASE TAKE NOTICE THAT on January 24, 2022, MOLSON COORS BEVERAGE

21  COMPANY USA LLC aka MILLERCOORS LLC[1] ("Defendant"), filed in the United States

22  District Court for the Central District of California its Notice of Removal of Action Under 28 U.S.C.

23  Section 1441(b)(Diversity). A copy of this Notice of Removal is attached to this Notice as Exhibit

24  1, and is served and filed herewith.

25          PLEASE TAKE FURTHER NOTICE THAT, pursuant to 28 U.S.C. Section 1445(d), the

26  filing of said Notice of Removal of Action in the United States District Court, together with the

27  _____
    [1] The proper name of Defendant Molson Coors Beverage Company is Molson Coors Beverage Company USA LLC,
28  formerly known as MillerCoors LLC.

QUARLES & BRADY LLP
ATTORNEYS AT LAW
WALNUT CREEK

**CASE NO. 21STCV46244**
**DEFENDANT'S NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY**
**OF REMOVAL OF ACTION TO FEDERAL COURT**

1  filing of this Notice to the Superior Court and Adverse Party, effects the removal of this action, and

2  that this Court is directed to "proceed no further unless and until the case has been remanded," 28

3  U.S.C. Section 1446(d).

4

5  Dated:  January 24, 2022                    QUARLES & BRADY LLP

6

7  By: _____
                                                         James Y. Wu

8

9  *Attorneys for Defendant Molson Coors*
   *Beverage Company USA LLC fka MillerCoors*
   *LLC*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-
**CASE NO. 21STCV46244**
**DEFENDANT'S NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY**
**OF REMOVAL OF ACTION TO FEDERAL COURT**

# CERTIFICATE OF SERVICE

I am a citizen of the United States and a resident of the State of Arizona, over the age of eighteen years, and not a party to the within action.  My business address is Renaissance One, Two North Central Avenue, Phoenix, AZ  85004-2391.  On January 24, 2022, I caused to be served the following document(s):

## DEFENDANT'S NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY OF REMOVAL OF ACTION TO FEDERAL COURT

On the party stated below by the following means of service:

☐   By First-Class Mail I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice correspondence is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Phoenix, Arizona in the ordinary course of business. The envelope described above was sealed and placed for collection on the date indicated above following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in this affidavit.

☒   By One Legal I caused a true and correct copy of the above-entitled document(s) to be served electronically through One Legal to all parties appearing on the One Legal electronic service list for the above-entitled case, if available.

☐   By Personal Service I caused each such envelope to be given to a courier messenger with instructions to deliver each such envelope to the office of the below-referenced attorneys of record.

☐   By Overnight Courier I caused each such envelope to be placed in a sealed package designated by Federal Express and depositing same in an overnight express receptacle maintained by Federal Express, Phoenix, Arizona, with delivery fees provided for, with instructions to be hand delivered to the office of the addressee on the next business day.

☐   By Facsimile Fax Number (see below)

☒   Based on a court order or an agreement of the parties to accept electronic service, I caused the document(s) to be sent to the person at the electronic service address listed as follows:

Geoffrey C. Lyon                    glyon@lyonlawyer.com
Lyon Law PC
3605 Long Beach Blvd., Suite 311    Attorney for Plaintiff
Long Beach, California 90807

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct and that this declaration was executed on January 24, 2022.

_Dawn McCombs_
_____
Declarant

Quarles & Brady LLP
Attorneys At Law
Walnut Creek

-3-

CASE NO. 21STCV46244
DEFENDANT'S NOTICE TO SUPERIOR COURT AND TO ADVERSE PARTY
OF REMOVAL OF ACTION TO FEDERAL COURT

# EXHIBIT E

1   JAMES Y. WU, BAR NO. 213090
     QUARLES & BRADY LLP
2   2872 Ygnacio Valley Road, #436
     Walnut Creek, CA  94598
3   Telephone:   925.658.0300
     Facsimile:   602.417.2932
4   Email:   James.Wu@quarles.com

5   Attorneys for Defendant
     Molson Coors Beverage Company USA LLC
6   fka MillerCoors LLC

7

8                UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| NANCY COPFER, an individual, | CASE NO. _____ |
| Plaintiff, | **DECLARATION OF GREGORY TIERNEY IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL** |
| vs. | |
| MOLSON COORS BEVERAGE COMPANY aka MILLERCOORS LLC; and DOES 1 to 10, | |
| Defendants. | |

I, Gregory Tierney, declare as follows:

    1.     I am the Vice President, Financial Planning and Analysis and Investor Relations for Molson Coors Beverage Company USA LLC fka MillerCoors LLC ("Molson Coors USA")[1]. My business address is 3939 W. Highland Boulevard, Milwaukee, Wisconsin 53208. I am over twenty-one years of age and am authorized to make this declaration on behalf of Defendant Molson Coors USA.

    2.     As the Vice President, Financial Planning and Analysis and Investor Relations of Molson Coors USA, I oversee the preparation of financial reports, participate in the company-wide budget process, analyze organizational financial data, and assist with compliance audits.

---

[1] The proper name of Defendant Molson Coors Beverage Company is Molson Coors Beverage Company USA LLC, formerly known as MillerCoors LLC.

CASE NO. _____
**DECLARATION OF GREGORY TIERNEY IN SUPPORT OF DEFENDANT'S
NOTICE OF REMOVAL**

1    Given my responsibilities, I have personal knowledge of the locations for Molson Coors USA's

2    corporate entities.

3        3.    I base this declaration on my personal knowledge and review of Molson Coors

4    USA's business records.

5        4.    As of December 16, 2021, when the Complaint in the above-entitled action was

6    filed, and presently, Molson Coors USA was and is a Delaware limited liability company with

7    its principal place of business in Wisconsin.

8        5.    As of December 16, 2021, when the Complaint in the above-entitled action was

9    filed, and presently, Molson Coors Beverage Company was and is the sole member of Molson

10   Coors USA and is a Delaware corporation with its principal place of business in Colorado.

11       I certify under penalty of perjury under the laws of the State of California that the

12   foregoing is true and correct.

13

14   Executed on January 21, 2022 at

15   Pewaukee, WI   (City, State)

16                                                    By: _____
                                                           Gregory Tierney
17

18

19

20

21

22

23

24

25

26

27

28

QUARLES & BRADY
LLP
ATTORNEYS AT LAW
WALNUT CREEK

-2-

CASE NO. _____
**DECLARATION OF GREGORY TIERNEY IN SUPPORT OF DEFENDANT'S
NOTICE OF REMOVAL**